UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQULYN JOHNSON,

    Plaintiff,

v.                                        Case No.: _____

5147 DOGWOOD CHARITABLE
GROUP, INC.; W. D. BASS &
COMPANY, P.A.; WILLIAM
PERRY; and RONALD D. STROBO,

    Defendants.
_____/

## **INITIAL COMPLAINT**

COMES NOW the plaintiff, Jacqulyn Johnson, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, 5147 Dogwood Charitable Group, Inc.; W. D. Bass & Company, P.A.; William Perry; and Ronald D. Strobo, and alleges:

### *I. Jurisdiction and Venue*

1.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29

U.S.C. § 201, *et seq.* This Court also has supplemental/pendent jurisdiction over plaintiff's minimum wage claims under Florida law.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Jacqulyn Johnson, was an employee of defendants performing duties at an establishment known as Goldmine Bingo located at 5147 Dogwood Drive, Milton, Florida.

4. At all times relevant hereto, defendant 5147 Dogwood Charitable Group, Inc. was an employer of plaintiff which permitted her to provide services and perform work at its Goldmine Bingo establishment. Additionally, at all times relevant hereto, defendant 5147 Dogwood Charitable Group, Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant 5147 Dogwood Charitable Group, Inc. is subject to, and not exempt from, the provisions of the FLSA.

6. At all times relevant hereto, defendant W.D. Bass & Company, P.A. exercised operational control over the Goldmine Bingo operations in this district, acting in the interest of 5147 Dogwood Charitable Group, Inc., and played a substantial role in determining the terms and conditions of plaintiff's employment at Goldmine Bingo.

7. Defendant W.D. Bass & Company, P.A. is subject to, and not exempt from, the provisions of the FLSA.

8. At times relevant hereto, defendant William Perry exercised operational control over the Goldmine Bingo operations, acting in the interest of 5147 Dogwood Charitable Group, Inc., and played a substantial role in determining the terms and conditions of plaintiff's employment at Goldmine Bingo.

9. Defendant William Perry is subject to, and not exempt from, the provisions of the FLSA.

10. At times relevant hereto, defendant Ronald D. Strobo exercised control over Goldmine Bingo's operations, and played a substantial role in determining the compensation of plaintiff in her employment at Goldmine Bingo.

11. Defendant Ronald D. Strobo is subject to, and not exempt from, the provisions of the FLSA.

### III. Factual Allegations

12. Plaintiff began working for defendants on or about October 2, 2018. She was "an employee" of 5147 Dogwood Charitable Group, Inc.; W. D. Bass & Company, P.A.; William Perry; and Ronald D. Strobo within the meaning of the FLSA.

13. Defendants owned/operated at least one bingo hall in Northwest Florida, which operated under the name Goldmine Bingo and was located at 5147 Dogwood Drive, Milton, Florida.

14. This Goldmine Bingo was at all times relevant hereto engaged in commercial activities and competed with other private businesses in the district.

15. Defendants failed to pay plaintiff the minimum wages required by applicable law. In fact, despite permitting plaintiff to work at the Goldmine Bingo establishment, defendants refused to pay plaintiff anything. Indeed, plaintiff was specifically advised that the only compensation she would receive for her services would be in the form of the tips that she received from its patrons.

16. During her employment with defendants, plaintiff also worked in excess of 40 hours per week on occasion. Nevertheless, defendants failed to

compensate her at the legally required rate for those overtime hours.

17. Plaintiff's employment with defendants ended on or about December 18, 2018.

18. Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### *IV. Count I -- Violation of Fair Labor Standards Act (Minimum Wages)*

19. Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

20. Defendants are subject to, and not exempt from, the provisions of the FLSA.

21. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

22. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

23. Nevertheless, defendants failed to compensate her at the legally

required wage.

24. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

25. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

26. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V. Count II -- *Violation of Fair Labor Standards Act (Overtime Compensation)*

27. Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

28. Defendants are subject to, and not exempt from, the provisions of the FLSA.

29. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA

which would be applicable to plaintiff.

30. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

31. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

32. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

33. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### VI.  Count III  -- Florida Minimum Wage Act Claim

34. Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

35. Defendants are subject to, and not exempt from, the provisions of the Florida Minimum Wage Act (FMWA), which is mandated by Section 24, Article X of the Florida Constitution and implemented by Section 448.110, <u>Florida Statutes</u>.

36. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FMWA. Additionally, there were no exemptions under the FMWA which would be applicable to plaintiff.

37. Throughout plaintiff's employment with defendants, the FMWA required that plaintiff be compensated at the rate of at least $8.25 per hour. Defendants were also fully aware of the FMWA and the obligations imposed by it.

38. Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff. Such conduct of defendants constituted a violation of the FMWA, as well as a willful and intentional violation thereof.

39. As a result of defendants' violation of the FMWA, plaintiff has been denied compensation for her labor at the legally required rate.

40. Plaintiff has complied with the pre-suit requirements delineated in Section 448.110(6), <u>Florida Statutes</u>, as she provided defendants 15 calendar days written notice of her intent to initiate an action for violations of the FMWA, during which time the claim was not resolved.

41. Moreover, plaintiff has had to retain an attorney in order to collect the wages owed to her by defendants under the FMWA.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:   0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff